1  LATHAM & WATKINS LLP
    Kevin C. Wheeler (Bar No. 261177)
2  *kevin.wheeler@lw.com*
    140 Scott Drive
3  Menlo Park, CA 94025
    T: (650) 328-4600 | F: (650) 463-2600
4
    Gregory K. Sobolski (Bar No. 267428)
5  *gregory.sobolski@lw.com*
    Kyle A. Virgien (Bar No. 278747)
6  *kyle.virgien@lw.com*
    505 Montgomery Street, Suite 2000
7  San Francisco, California  94111
    T: (415) 391-0600 | F: (415) 395-8095
8
    Thomas W. Yeh (Bar No. 287118)
9  *thomas.yeh@lw.com*
    355 South Grand Avenue, Suite 100
10  Los Angeles, CA 90071
    T: (213) 485-1234 | F: (213) 891-8763
11
    Attorneys for Proposed Intervenor Shenzhen
12  Senior Technology Material Co. Ltd

13

14                    UNITED STATES DISTRICT COURT

15      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

16
    CELGARD, LLC,                          CASE NO. 8:20-mc-00128-JVS-KES
17
                    Petitioner,
18                                         **SHENZHEN SENIOR TECHNOLOGY
                                           MATERIAL CO. LTD'S NOTICE OF
19      v.                                 MOTION AND MOTION TO
                                           INTERVENE**
    TARGRAY TECHNOLOGY
20  INTERNATIONAL, INC.                    DATE:     February 22, 2021
                                           TIME:     10:00 a.m.
21                  Respondent.            PLACE:    Courtroom 10C
                                                     411 West 4th Street
22                                                   Santa Ana, CA 92701-4516

23

24

25

26

27

28

1      TO THE HONORABLE COURT, AND TO PLAINTIFF, RELATED

2   PARTIES, DEFENDANTS, AND THEIR COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that on February 22, at 10:00 a.m., or as soon

4   thereafter as this matter may be heard in Courtroom 10C of the above-entitled

5   Court located at 411 West 4th Street, Santa Ana, CA 92701-451612, Third Party

6   Plaintiff and Proposed Invernor Shenzhen Senior Technology Material Co. Ltd

7   ("Proposed Intervenor"), non-party in a related patent litigation pending in the

8   United States District Court for the Northern District of California, pursuant to

9   Federal Rule of Civil Procedure ("FRCP") 24, hereby moves to intervene in the

10  above-referenced matter on the following grounds:

11      ➢   Proposed Intervenor's motion is timely.

12      ➢   Proposed Intervenor has a protectable interest in the subject of the

13          litigation between Celgard and Targray because Celgard's Motion to

14          Compel seeks to disclose Proposed Intervenor's confidential

15          information.

16      ➢   Granting Celgard's Motion to Compel will impair Proposed

17          Intervenor's right to protect its confidential information and enforce

18          its agreements.

19      ➢   Targray cannot adequately represent Proposed Intervenor's interests.

20      This motion is made pursuant to L.R. 7-3.  On January 6, 2021, counsel for

21  Intervenor conferred with counsel for Celgard and counsel for Targray regarding

22  the Proposed Intervenor's intervention.  Targray consents to the instant Motion.

23  Celgard opposes.

24
25  Dated: January 13, 2021                    LATHAM & WATKINS LLP

26                                             /s/ *Kevin C. Wheeler*
                                               Kevin C. Wheeler (Bar No. 261177)
                                               kevin.wheeler@lw.com
27                                             140 Scott Drive
                                               Menlo Park, CA 94025
28                                             T: (650) 328-4600 / F: (650) 463-2600

1

2     Gregory K. Sobolski (Bar No. 267428)
       *gregory.sobolski@lw.com*
3     Kyle A. Virgien (Bar No. 278747)
       *kyle.virgien@lw.com*
4     505 Montgomery Street, Suite 2000
       San Francisco, CA 94111
5     T: (415) 391-0600 | F: (415) 395-8095

6     Thomas W. Yeh (Bar No. 287118)
       *thomas.yeh@lw.com*
7     355 South Grand Avenue, Suite 100
       Los Angeles, CA 90071
8     T: (213) 485-1234 | F: (213) 891-8763

9     *Attorneys for Intervenor Shenzhen Senior Technology Material Co. Ltd*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO INTERVENE
CASE NO. 8:20-mc-00128-JVS-KES

1

## **TABLE OF CONTENTS**

2    I.      INTRODUCTION ....................................................................................... 1

3    II.     FACTUAL BACKGROUND ...................................................................... 2

4    III.    LEGAL STANDARD .................................................................................. 3

5    IV.     ARGUMENT .............................................................................................. 4

6            A.    Senior-China May Intervene As A Matter Of Right .......................... 4

7                  1.    Senior-China's Motion Is Timely ................................................ 4

8                  2.    Senior-China Has A Protectable Interest In The
                         C.D. Cal. Litigation ................................................................... 5
9

10                 3.    Granting Celgard's Motion to Compel Will
                         Substantially Impair The Ability of Senior-China
                         To Protect Its Confidential Information .................................... 6
11

12                 4.    Targray Does Not Adequately Represent Senior-
                         China's Interests ....................................................................... 7

13           B.    Alternatively, The Court Should Exercise Its Broad
                   Discretion To Allow Senior-China Is To Intervene Under
14                 Rule 24(b) ....................................................................................... 8

15   V.      CONCLUSION ........................................................................................... 9

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **I.      INTRODUCTION**

2          Plaintiff Celgard, LLC ("Celgard") asks this Court to compel Targray

3   International Inc. ("Targray") to produce highly confidential information belonging

4   to Shenzhen Senior Technology Material Co. Ltd. ("Senior-China") for use in a

5   litigation in the Northern District of California where the Court has already

6   dismissed Senior-China.[1]   Specifically, over one year ago, Celgard sued Senior-

7   China for patent infringement in the Northern District of California and requested a

8   preliminary injunction.  The N.D. California Court denied Celgard's request and

9   simultaneously dismissed Senior-China from the case for lack of personal

10  jurisdiction.    The N.D. California Court also denied Celgard's request for

11  jurisdictional discovery, finding Celgard's "purely speculative allegations of

12  attenuated jurisdictional contacts insufficient to warrant jurisdictional discovery."

13  N.D. Cal. Action, ECF. No. 238 at 10.  Celgard's patent infringement claims in the

14  N.D. California case are now proceeding against the remaining defendants, Sun

15  Town Technology ("Sun Town"), Global Venture LLC ("Global LLC"), Global

16  Venture Inc. ("Global Inc.), and Shenzhen Senior Technology Material Co. Ltd.

17  (US) Research Institute ("Senior-US").

18          Celgard seeks an end-run around the N.D. California's finding of no personal

19  jurisdiction and denial of jurisdictional discovery.  Specifically, Celgard asks the

20  Court to compel Targray, Senior-China's former distributor, to produce unredacted

21  versions of documents that contain Senior-China's confidential information.

22  Although Targray has already cooperatively produced hundreds of documents in

23  response to Celgard's irrelevant and burdensome subpoena, Celgard argues Targray

24  must expose Senior-China's confidential information in full because it supposedly

25  could "provide a basis for Celgard to seek reconsideration of the [N. D. California]

26  Court's Order" on personal jurisdiction.  C.D. Cal. Action, ECF. 1-2 at 13.  Celgard

27  is wrong.    Senior-China's interest in maintaining the confidentiality of its

28
_____
[1] Case No. 4:19-cv-05784-JST (the "N.D. Cal. Action")

1  confidential information far outweighs Celgard's purported "need" for this

2  information, which the N.D. California Court has already denied further discovery

3  on.

4      Accordingly, Senior-China moves to intervene for the limited purpose of (i)

5  requesting leave to file a 5-page response to Celgard's Motion to Compel and (ii) to

6  participate in a hearing, should this Court schedule one.  Senior-China's limited

7  appearance in this action and proposed intervention is limited to protecting its

8  interests in the ongoing discovery dispute between Celgard and Targray.  In making

9  this request for limited intervention, Senior-China does not submit to personal

10  jurisdiction in this Court or the N.D. California.  This Motion is made following a

11  conference pursuant to C.D. Cal. Local Rule 7-3, which took place on January 6,

12  2020.  Targray consents to Senior-China's intervention.  Celgard opposes.

## II.   FACTUAL BACKGROUND

14      In September 2019, Celgard filed suit in N.D. California alleging patent

15  infringement and other claims against Senior-China and its defunct U.S. subsidiary,

16  Senior-US. N.D. Cal. Action, ECF Nos. 1, 43.  In November 2019, Celgard amended

17  its Complaint to include additional defendants, including Sun Town, Global LLC,

18  and Global Inc. (collectively with Senior-US, the "N.D. California Defendants"). *Id.*

19  at ECF No. 95.  In February 2020, Senior-China was dismissed from the N.D.

20  California Action for lack of personal jurisdiction and the N.D. California Court

21  denied Celgard's request for jurisdictional discovery. *Id.* at ECF No. 238.  The N.D.

22  California Court, however, granted Celgard leave to amend its Complaint, so

23  Celgard had the opportunity to bolster its jurisdictional allegations if there was any

24  basis to do so. *Id.*  Rather than doing so, Celgard instead removed Senior-China as

25  a defendant altogether. *Id*. at ECF No. 265.  Celgard, however, maintained its patent

26  infringement claims over the N.D. California Defendants.

27      On November 9, 2020, Celgard served a subpoena on Targray to solicit

28  information regarding Senior-China—even though Senior-China is not a party to the

1  litigation between Celgard and the N.D. California Defendants.  Indeed, none of the

2  N.D. California defendants have ever contracted with Targray, and Celgard's

3  subpoena accordingly targets information and communications concerning *Senior-*

4  *China's* products, customers, and business practices. Between July 10 and October

5  8, 2020, Targray produced hundreds of pages of documents in response to Celgard's

6  subpoena.    Some of those documents contain Senior-China's confidential

7  information and were therefore redacted in part.

8          On December 23, 2020, in this district, Celgard filed a Motion to Compel

9  Targray to re-produce unredacted versions of documents Targray has already

10  produced, so that Celgard may gain access to non-party Senior-China's confidential

11  information.

12  **III.    LEGAL STANDARD**

13          An entity may intervene as of right by showing four elements: (1) its motion

14  is timely; (2) it has an interest relating to the subject matter of the action; (3) there is

15  a potential impairment to that interest; and (4) that the interest is not adequately

16  represented by the other parties already present in the litigation. Fed. R. Civ. P.

17  24(a)(2); *see also United States ex rel. McGough v. Covington Technologies Co.*,

18  967 F.2d 1391, 1394 (9th Cir. 1992).  Motions to intervene are construed liberally in

19  favor of the requestor.  *United States v. State of Wash.*, 86 F.3d 1499, 1509 (9th Cir.

20  1996).

21          Alternatively, Rule 24(b) provides the Court with broad discretion to "permit

22  anyone to intervene who . . . has a claim or defense that shares with the main action

23  a common question of law or fact." "[A] court may grant permissive intervention

24  where the applicant for intervention shows (1) independent grounds for jurisdiction;

25  (2) the motion is timely; and (3) the applicant's claim or defense, and the main

26  action, have a question of law or a question of fact in common."  *Nw. Forest Res.*

27  *Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (citation omitted).

28

MOTION TO INTERVENE
CASE NO. 8:20-mc-00128-JVS-KES

## IV.  ARGUMENT

Senior-China may intervene in this action as a matter of right under Rule 24(a)(2) because its privacy interests are at stake.  Alternatively, the Court should exercise its "broad discretion" to allow Senior-China to intervene under Rule 24(b)(2) because the discovery Celgard seeks is both improper and irrelevant to the N.D. California litigation.  Indeed, Celgard argues that disclosure of Senior-China's confidential information is necessary to "seek reconsideration" of the Court's dismissal of Senior-China for lack of personal jurisdiction. Dkt. No. 1-2 at 13.  That directly flouts the N.D. California Court's denial of Celgard's request for jurisdictional discovery from Senior-China.  And aside from speculation, Celgard does not (as it cannot) credibly articulate any reason why information exchanged between two **non-parties** is relevant to its patent infringement case against the actual defendants in the N.D. California Action.  Because Senior-China has a legitimate and protectable interest in its confidential information and is not a party to the N.D. California Action, intervention here is the only way to safeguard that information.

### A.    Senior-China May Intervene As A Matter Of Right

#### 1.    Senior-China's Motion Is Timely

Senior-China's Motion to Intervene comes just three weeks after Celgard initiated its Miscellaneous Action in this Court and is therefore timely.  To assess timeliness, the Court considers: (1) the stage of the proceeding at which the applicant seeks to intervene, (2) whether there is an adequate explanation for any delay, and (3) the "presence or absence of prejudice to other parties in connection with the proposed intervention." *Smith v. Marsh*, 194 F.3d 1045, 1050-52 (9th Cir. 1999).  Here, Celgard filed its Motion to Compel on December 23, 2020 (ECF No. 1), but this action did not commence until December 28, 2020 (ECF Nos. 4, 5).  Senior-China asked Celgard to meet and confer just one week later, on January 4, 2021.  Senior-China filed this Motion seven days later, in compliance with C.D. Cal. Local Rule 7-3.  Senior-China's request comes at the earliest stage of this proceeding and

1  there is no delay.  Further, Senior-China's ability to submit a substantive response

2  will protect its interest in preserving confidential information (that is irrelevant to

3  the underlying litigation) and will not prejudice Celgard.

4              **2.      Senior-China Has A Protectable Interest In The C.D. Cal.**

5                      **Litigation**

6        Senior-China has a protectable legal interest in preventing its confidential

7  information from disclosure, especially because the N.D. California Court has

8  already ***dismissed*** Senior-China from that case and ***denied*** Celgard's attempt to

9  obtain jurisdictional discovery about Senior-China.  "An applicant has a 'significant

10  protectable interest' in an action" warranting intervention as of right where "(1) it

11  asserts an interest that is protected under some law, and (2) there is a "relationship"

12  between its legally protected interest and the plaintiff's claims."  *S. California*

13  *Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).  Where information sought

14  "very likely contain[s] [an intervenor's] confidential and proprietary information,

15  including  sensitive  commercial  information,"  courts  permit  intervention.

16  *100Reporters*, 307 F.R.D. at 275; *see also Oregon Prescription Drug Monitoring*

17  *Program v. U.S. Drug Enf't Admin.*, 2013 WL 12325112, at *3 (D. Or. 2013)

18  (holding that "a statutory interest . . . afforded by" state privacy laws provided a

19  sufficient protectable interest to warrant intervention); *see also Ctr. for Investigative*

20  *Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, 2020 WL 5640068, at

21  *4 (N.D. Cal. July 20, 2020) (potential disclosure of proposed intervenor's

22  commercial and confidential information qualified as a significant protectable

23  interest); *Clarke v. First Transit, Inc.*, No. CV0706476GAFMANX, 2012 WL

24  12877865, at *11 (C.D. Cal. Nov. 2, 2012) (intervenors had "sufficient interest in

25  the outcome of [] motion" that sought to remedy misuse of intervenor's confidential

26  information).  In addition, an intervenor who is party to an agreement that is the

27  subject of the lawsuit "has a protectable interest in enforcing its bargained for" terms.

28  *Abdurahman v. Alltran Fin., L.P.*, 330 F.R.D. 276, 282 (S.D. Cal. 2018).

MOTION TO INTERVENE
CASE NO. 8:20-mc-00128-JVS-KES

1    Here, intervention is proper because Celgard is seeking access to Senior-
2    China's confidential information, which is a sufficient protectable interest. *See Ctr.*
3    *for* Investigative *Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, 2020
4    WL 5640068, at *4 (N.D. Cal. July 20, 2020).   This confidential information
5    includes Senior-China's trade secrets, protected by  at least the California Uniform
6    Trade Secrets Act, Cal. Civ. Code § 3426.1.  *Morlife, Inc. v. Perry*, 56 Cal. App. 4th
7    1514, 1522, 66 Cal. Rptr. 2d 731, 736 (1997) (customer information qualifies as
8    trade secret under CUTSA).

9    Further, Senior-China guards this information closely, and disclosed it to
10   Targray only under a prior distributor agreement that included a confidentiality
11   provision.  *See Sierra Club v. U.S. Dep't of Agric.*, No. 08-4248 SC, 2008 WL
12   5273726, at *2 (N.D. Cal. Dec. 19, 2008) (finding third party intervention
13   appropriate where documents sought were subject to confidentiality provision).
14   That provision provides that each party acknowledges and agrees that during the
15   duration the agreement and at all times following its termination—for any reason
16   whatsoever—the receiving party must hold confidential information in the strictest
17   confidence.   *See* C.D. Cal. Action, ECF No. 1-5, at TARGRAY-00000158.
18   Therefore, in addition to its inherent interest in protecting its confidential
19   information, Senior-China also has a protectable interest in enforcing its bargained
20   for terms with Targray—*i.e.*, that it would disclose its confidential information to
21   Targray only in exchange for Targray's agreement to not further disseminate that
22   information.

**3.      Granting Celgard's Motion to Compel Will Substantially Impair The Ability of Senior-China To Protect Its Confidential Information**

25   Absent intervention, Celgard's Motion will impede Senior-China's ability to
26   protect its interests.  "If an absentee would be substantially affected in a practical
27   sense by the determination made in an action, he should, as a general rule, be entitled
28   to intervene . . ." Fed. R. Civ. P. 24 (Advisory Committee Notes).  A court should

MOTION TO INTERVENE
CASE NO. 8:20-mc-00128-JVS-KES

permit intervention as of right when, "except for intervention, there [is] no practical alternative avenue for [the intervenor] to protect its interest." *Yorkshire v. IRS*, 26 F.3d 942, 945 (9th Cir. 1994) (holding that "interest in the confidentiality of" tax information submitted to the government was "a sufficient interest for intervention as of right").

Senior-China would be substantially affected if this Court compels Targray to disclose Senior-China's confidential information to Senior-China's competitor, Celgard.  Although there is a protective order in place in the N.D. Cal. Action, Senior-China ***is not a party to that litigation***.  As a result, Senior-China has no enforcement mechanism against Celgard for any misuse of its confidential information or any alternative mechanisms for protecting its interests in its confidential information.

Indeed, Senior-China is in a uniquely impaired position because Celgard's Motion is an attempted end run-around the N. D. California's order of dismissal and denial of jurisdictional discovery.  Senior-China is not a party to the underlying N.D. California litigation and the discovery Celgard asks this Court to compel is not about any of the actual parties to that litigation.  Celgard is improperly using its subpoena to seek information from one non-party (Targray) about another non-party (Senior-China).  Without intervention, Senior-China will be cut out of the loop entirely, and will have no ability to protect its confidential information in any Court.  This factor supports intervention.

### 4.   Targray Does Not Adequately Represent Senior-China's Interests

Targray cannot adequately represent Senior-China's interests in protecting its confidential information.  "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  Three factors are

MOTION TO INTERVENE
CASE NO. 8:20-mc-00128-JVS-KES

1  relevant to this "minimal" showing: (1) whether the interest of a present party is such

2  that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether

3  the present party is capable and willing to make such arguments; and (3) whether a

4  proposed intervenor would offer any necessary elements to the proceeding that other

5  parties would neglect." *Arakaki*, 324 F.3d at 1086.

6  Here, Targary has already represented that its only interest is avoiding "any

7  ancillary disputes with Senior-China now over whether it improperly disclosed

8  confidential information in breach of the distributor agreement."  C.D. Cal. Action,

9  ECF No. 1-2 at 15.  That is decidedly not an interest in protecting Senior-China's

10 confidential information.  To the contrary, Targray states in its portion of the Motion

11 to Compel that "Targray itself [is] **not concerned about whether the documents**

12 **were confidential**."  *Id*. at 4.  Senior-China should be permitted to intervene as a

13 matter of right to protect its own interest in its confidential information.

14 **B.    Alternatively, The Court Should Exercise Its Broad Discretion To**
   **Allow Senior-China Is To Intervene Under Rule 24(b)**
15

16 Alternatively, permissive intervention is warranted because Senior-China's

17 request does not enlarge the issues in this action, is timely, and shares a common

18 question of law and fact with Celgard's Motion to Compel.

19 First, Senior-China seeks to intervene for the limited purpose of responding

20 to and being heard on Celgard's Motion to Compel, satisfying the jurisdictional

21 requirement.  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844

22 (9th Cir. 2011) ("Where the proposed intervenor in a federal-question case brings no

23 new claims, the jurisdictional concern drops away.").  Second, as discussed above,

24 Senior-China's Motion to Intervene is timely.  Third, Senior-China's claim that

25 Celgard is not entitled to its confidential information indisputably shares common

26 questions of law and fact with Celgard's Motion seeking to compel Targray to

27 unredact that very confidential information.  Finally, permitting Senior-China to

28 intervene will not delay or prejudice the adjudication of the dispute because all

MOTION TO INTERVENE
CASE NO. 8:20-mc-00128-JVS-KES

1    Senior-China seeks is to respond to Celgard's motion and to participate in any

2    hearing on the issue.

3    **V.    CONCLUSION**

4         In light of the foregoing, Senior-China moves to intervene for the limited

5    purpose of (i) requesting leave to file a 5-page response to Celgard's Motion to

6    Compel and (ii) to participate in a hearing, should this Court schedule one.

7

8

9    Dated: January 13, 2021                    LATHAM & WATKINS LLP

10                                              /s/ *Kevin C. Wheeler*
                                                Kevin C. Wheeler (Bar No. 261177)
                                                *kevin.wheeler@lw.com*
11                                              140 Scott Drive
                                                Menlo Park, CA 94025
12                                              T: (650) 328-4600 | F: (650) 463-2600

13                                              Gregory K. Sobolski (Bar No.
                                                267428)
14                                              *gregory.sobolski@lw.com*
                                                Kyle A. Virgien (Bar No. 278747)
15                                              *kyle.virgien@lw.com*
                                                505 Montgomery Street, Suite 2000
16                                              San Francisco, CA 94111
                                                T: (415) 391-0600 | F: (415) 395-8095
17

18                                              Thomas W. Yeh (Bar No. 287118)
                                                *thomas.yeh@lw.com*
19                                              355 South Grand Avenue, Suite 100
                                                Los Angeles, CA 90071
20                                              T: (213) 485-1234 | F: (213) 891-8763

21                                              *Attorneys for Proposed Intervenor*
                                                *Shenzhen Senior Technology Material*
                                                *Co. Ltd.*
22

23

24

25

26

27

28