UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SAMC 20-00128JVS(KESx)                          Date   Feb. 10, 2021

Title   Celgard LLC v. Targray Technology International Inc

Present: The
Honorable            **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                    Not Present

Proceedings:   **[IN CHAMBERS] Order Regarding Proposed Intervenor Shenzen Senior Technology Material Co. Ltd's Motion to Intervene**

Proposed Intervenor Shenzhen Senior Technology Material Co. Ltd ("Senior-China") moved to intervene.  Dkt. No. 16.  Defendant Targray Technology International, Inc. ("Targray") consents to the motion, but Defendant Celgard LLC ("Celgard") opposes.  Dkt. No. 26.  Senior-China filed a reply.  Dkt. No. 30.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

**1.   Factual Background**

The instant action relates to proceedings in the Northern District of California, Celgard, LLC v. Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute et al, Case No. 4:19-cv-05784-JST ("N.D. Cal. Action" or "Related Action").  Pending before this Court is Celgard's motion to compel Targray to produce highly confidential information belonging to Senior-China for use in that case.  See generally Dkt. Nos. 1 and 2.

In the Related Action, Celgard filed suit alleging patent infringing claims against Senior-China and its American subsidiary.  N.D. Cal. Action Dkt. Nos. 1, 43.  Senior-China was dismissed from the Related Action for lack of personal jurisdiction in February 2020.  Id. at Dkt. No. 238.  Celgard then removed Senior-China as a defendant in its next amended complaint.  Id. at Dkt. No. 265.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SAMC 20-00128JVS(KESx)                    Date    Feb. 10, 2021

Title    Celgard LLC v. Targray Technology International Inc

On November 9, 2020, Celgard served a subpoena on Targray requesting information related to Senior-China in the Related Action.  See Dkt. No. 16 at 2-3.  Then, on December 23, 2020, Celgard filed a motion to compel to produce unredacted versions of documents that Targray had already produced in the Related Action.  Dkt. Nos. 1 and 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  When analyzing a motion to intervene of right under Rule 24(a)(2), the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993)).

In addition to mandating broad construction, the Court's review is "guided primarily by practical considerations," not technical distinctions.  United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir.1986), vacated on other grounds sub nom. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SAMC 20-00128JVS(KESx)                    Date   Feb. 10, 2021

Title   Celgard LLC v. Targray Technology International Inc

### III.  DISCUSSION

### A.   Intervention as a Matter of Right

Senior-China argues that it can intervene as a matter of right because its motion is timely, it has a protectable interest in the instant litigation, granting Celgard's motion to compel would substantially impair its ability to protect confidential information, and finally, Targray does not adequately represent its interests.  Id. at 4-8.

### I.   Timeliness

The Court must consider the following three factors in determining the timeliness of a motion to intervene: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir.1997) (quoting County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.1986)).

Senior-China claims that its motion is timely because it requested a meet and confer within one week after this Action commenced on January 4, 2021, met and conferred on January 6, 2021, and then filed its motion on January 11, 2021.  Dkt. No. 16 at 4-5.  It adds that it has made this motion at the earliest stage of the proceedings without any delay.  Id.

Celgard responds that the motion is untimely, because "[d]espite redacting the information to Targray's documents months ago, Senior-China never asked to be involved in the joint motion with Targray and now waits until three weeks after the Motion to Compel to seek to intervene."  Dkt. No. 26 at 3.

The Court agrees with Senior-China, and this factor counsels in favor of intervention.  There is sufficient time for Senior-China to intervene, oppose the motion to compel, and even – as Celgard requests – for Celgard to respond to the motion to compel prior to the Court considering the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SAMC 20-00128JVS(KESx)                    Date    Feb. 10, 2021

Title       Celgard LLC v. Targray Technology International Inc

### ii.    *Protectable Interests*

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." S. Cal. Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002) (citation omitted). This analysis provides neither a "clear-cut or bright-line rule," but is instead "'a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" Id. (quoting Cnty. of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980)).

Senior-China claims it has a protectable legal interest in preventing its confidential information from disclosure, especially as the court in the Related Action dismissed it from the case.  Dkt. No. 16 at 5.  It then cites a series of cases for the same proposition. Id.  It also adds that it has a separate protectable legal interest in its confidential information as the information relates to its trade secrets, it "guards [the] [] information closely, and disclosed it to Targray only under a prior distributor agreement that included a confidentiality provision." Id. at 5-6.

Celgard responds that it is not clear that Senior-China seeks to intervene to protect its information, versus that of its affiliates.  Dkt. No. 26 at 2.  For example, one of its employees acts as a representative for other companies "in distributing and selling the accused products . . .." Id.

The Court first considers whether Senior-China has identified a protected legal interest.  Here, the Court agrees with Senior-China. "[P]reventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)."  100Reporters LLC v. United States Dep't of Justice, 307 F.R.D. 269, 275 (D.D.C. 2014) (citing Pub. Citizen Health Research Grp. v. FDA, 185 F.3d 898, 900 (D.C. Cir. 1999).  Moreover, while not directly related to the issue here, in ruling on motions to seal, courts have recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." Kamakana v. City & Cnty. Of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  Therefore, a company or individual may have a protected legal interest in commercially-sensitive and confidential information at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SAMC 20-00128JVS(KESx)                Date   Feb. 10, 2021

Title   Celgard LLC v. Targray Technology International Inc

least for the purposes of determining sealing requests.  The Court finds that reasoning applicable here.

Having found that Senior-China identified a protectable legal interest, the Court then assesses whether there is a relationship between that interest and the plaintiff's claims.  Philadelphia Indem. Ins. Co. v. Douglas E. Barnhart, Inc., No. 06CV0717 J (JMA), 2006 WL 8455616, at *5 (S.D. Cal. Oct. 20, 2006) ("An applicant for intervention satisfies the "relationship" element of the significantly protectable interest test if the resolution of plaintiff's claims actually will affect the intervenor's interest." ). Here, the resolution of Celgard's claims in this proceeding will undoubtedly affect Senior-China's protected legal interests.  If forced to produce documents, it is possible that Senior-China may suffer a loss of trade secret information or otherwise confidential information – information that is has already produced (albeit in a redacted form) in the Related Action.

Therefore, the Court finds that this factor favors intervention.

> iii.   *Disposition of the Action May Impair or Impede the Ability of the Proposed Intervenor to Protect its Interests*

The test of whether the disposition of an action may impair or impede an applicant's interest is "practical."  See 7C Charles Alan Wright, et al., Federal Practice & Procedure § 1908.2 (3d ed.) (citing, among other cases, California ex rel. Lockyer v. United States, 450 F.3d 436 (9th Cir. 2006)).

Senior-China claims that absent intervention, the motion to compel would impede its ability to protect its interests because Celgard is a competitor.  Dkt. No. 16 at 6-7. Senior-China is also no longer a party to the Related Action, and therefore "has no enforcement mechanism against Celgard for any misuse of its confidential information or any alternative mechanisms for protecting its interests in its confidential information." Id. at 7.

Celgard responds that there would be no impairment of its interest because a protective order exists between Celgard and Senior-China in N.D. Cal. Action.  Dkt. No. 26 at 2; N.D. Cal. Action Dkt. Nos. 116, 48-2.  The protective order was granted while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SAMC 20-00128JVS(KESx)                    Date   Feb. 10, 2021

Title        Celgard LLC v. Targray Technology International Inc

Senior-China was still a party to the case and remains the protective order of the N.D. Cal. Action to date.  Dkt. No. 26 at 2-3.

In its reply, Senior-China maintains that the protective order does not adequately protect its interest because it is not a party to the N.D. Cal. Action and has no ability to control the information that Celgard may seek from Targray absent intervention.  Dkt. No. 30 at 2.

The Court agrees with Senior-China.  While it is true that there is a protective order in the N.D. Cal. Action, because the court in that action found that it did not have personal jurisdiction over Senior-China and thus dismissed it, Senior-China would have no way to enforce that protective order, absent potentially waiving its personal jurisdiction claim.

> *iv.    The Proposed Intervenor's Interests are Inadequately Represented by the Current Parties to the Action*

A proposed intervenor's burden of establishing inadequate representation is minimal and is satisfied by a showing that representation of their interests may be inadequate.  Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). Courts consider three factors in making this determination:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceedings that other parties would neglect.

Id. The most important factor in determining the adequacy of representation is a comparison of the proposed intervenor's interest with the interest of the existing parties. Id.

Senior-China claims that Targray cannot adequately represent Senior-China's interests in protecting its confidential information because it has "already represented that its only interest is avoiding 'any ancillary disputes with Senior-China now over whether it improperly disclosed confidential information in breach of the distributer agreement.'" Dkt. No. 16 at 7-8 (citing Dkt. Nos. 1 and 2 at 15)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SAMC 20-00128JVS(KESx)                    Date   Feb. 10, 2021

Title      Celgard LLC v. Targray Technology International Inc

    While not directly related, Celgard contends that Senior-China has already
"unnecessarily interfered with the discovery process" by demanding and making
redactions to relevant and responsive information produced to Celgard.  Dkt. No. 26 at 3.
    The Court agrees with Senior-China.  Here, Targray has demonstrated that its only
interest is in avoiding any additional disputes with Senior-China.  It has also stated in its
portion of the motion to compel that it is "not concerned" with whether the documents
were confidential.  Dkt. Nos. 1-2 at 15.

    Although avoiding disputes with Senior-China could possibly require that Targray
advance the same or similar arguments in response to Celgard's requests, it is clear to the
Court that their interests are not the same.  Further, Senior-China would offer additional
or more thorough defenses to Celgard's requests.  Celgard even concedes that point when
arguing that Senior-China has unnecessarily interfered with the discovery process as a
basis for denying intervention.  Dkt. No. 26 at 3 ("Senior-China has demanded, and
indeed its counsel has made, redactions to relevant and responsive information that
should have already been produced to Celgard in unredacted form.  A subpoenaed party
like Targray cannot withhold discovery on this basis, and a third party like Senior-China
cannot impose its own will on the process.").

    Therefore, the Court **GRANTS** Senior-China's motion to intervene.  Senior-China
may file a five page response to Celgard's motion to compel and participate in a hearing
on the same issue, should the Court hold one.

**B.     Celgard's Request to Respond to Senior-China**

    In its Opposition, Celgard also requested that if the Court grant Senior-China's
motion, that it also allow Celgard to file a five page reply to Senior-China's response to
Celgard's motion to compel.  The Court **GRANTS** Celgard's request.  See L.R. 7-10
(requiring prior written order of the Court to file a response to the reply).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SAMC 20-00128JVS(KESx)                  Date   Feb. 10, 2021

Title   Celgard LLC v. Targray Technology International Inc

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. Senior-China must file its response to Celgard's motion to compel by February 22, 2021. Celgard's response is due March 8, 2021.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |